SAMUEL L. ALEXANDER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Alexander v. Commissioner
Docket No. 27995-85.
United States Tax Court
T.C. Memo 1986-117; 1986 Tax Ct. Memo LEXIS 494; 51 T.C.M. (CCH) 683; T.C.M. (RIA) 86117; March 24, 1986. Samuel L. Alexander, pro se. Darrell Knudtson, for the respondent. PANUTHOS
MEMORANDUM FINDINGS OF FACT AND OPINION PANUTHOS, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction, filed on October 15, 1985. In his statutory notice of deficiency, issued on February 8, 1984, respondent determined a deficiency of $5,955.00 in petitioner's 1980 Federal income tax. At the time of filing his petition, petitioner resided in Beltsville, Maryland. The issue before the Court is whether respondent mailed the *495 statutory notice of deficiency to petitioner's "last known address." Petitioner resided at 14218 Chadwick Lane, Rockville, Maryland at the time he filed his 1980 Federal income tax return. He continued to reside at the address until June of 1984. On his 1980 return, petitioner listed his address as his residential address. [1] Petitioner was in oral and written communication with the Internal Revenue Service (I.R.S.) since September of 1982, regarding his 1980 income tax return. Petitioner received, at his Chadwick Lane address, a letter from an I.R.S. examiner, indicating that his tax returns for 1979, 1980, and 1981 were being examined. In fact, petitioner admitted that he received at his residence at least five pieces of correspondence from the I.R.S. with regard to the audit of his 1980 tax return. Petitioner denied having received the statutory notice of deficiency, sent by respondent on February 8, 1984 to the Chadwick Lane address. *496 Respondent sent the statutory notice of deficiency by certified mail to petitioner's residence in Rockville. When a letter is sent by certified mail, an attempt is first made to have the letter delivered by a mail carrier. If there is no response, the carrier leaves a Form 3849 indicating that a piece of certified mail is waiting at the post office, and the letter is brought back to the post office. If the letter is not picked up within 5 days of the first attempt at delivery, a second notice is sent to the addressee. The postal records for the Twinbrook Post Office in Rockville, Maryland, which has responsibility for delivering mail to Chadwick Lane, indicated that the post office attempted to deliver a certified letter from the I.R.S. to petitioner in February of 1984. [2] The letter was returned as unclaimed to the I.R.S. on February 25, 1984. *497 Petitioner did not receive a copy of the deficiency notice until April of 1985. Petitioner received the notice as part of a packet of information sent by respondent apparently in response to petitioner's request for information under the Freedom of Information Act. Petitioner received the notice at his post office box. He filed his petition on July 17, 1985. The statutory 90 day period for filing petition with the Tax Court after issuance of the February 8, 1984 notice of deficiency expired on May 9, 1984. Petitioner's petition was filed 17 months after the statutory notice was issued. A valid statutory notice of deficiency and timely filing of the petition are both jurisdictional requirements in this Court. , affd. without published opinion ; .Petitioner neither mailed nor filed his petition in this case within 90 days of the date on which respondent mailed the statutory notice to petitioner. Accordingly, we must grant respondent's motion to dismiss for lack of jurisdiction unless we find that the statutory *498 notice was invalid. See sections 6212; 6213(a); 7502; Rule 13(c). [3]
Section 6212(a) authorizes respondent, when he determines that there is a deficiency in a taxpayer's Federal income tax, to send a notice of deficiency to the taxpayer by certified or registered mail. Generally, the mailing of the notice to the taxpayer's last known address is sufficient whether or not the notice is received. [4]
For purposes of section 6212(b)(1), a taxpayer's last known address is that address to which, in light of all the facts and circumstances, respondent reasonably believed that the taxpayer wished the notice of deficiency to be sent. , cert. denied ; ; . *499 The last known address will be the address shown on the tax return filed by a taxpayer unless respondent has learned or has been notified by a taxpayer of a change of address. ; . There may be, however, more than one address at which respondent may have reasonably believed a taxpayer wished to and could have received a notice of deficiency. [5] This is just such a situation. Respondent and petitioner had been in communication using both the post office box and the Chadwick Lane address. Petitioner testified at the hearing on this motion that he advised the audit examiner in December of 1983 that he had trouble receiving mail at the Chadwick Lane address. Nevertheless, absent clear and concise notification from a taxpayer directing respondent to use a different address, respondent may mail the statutory notice to an address at which he believes the taxpayer will receive it. Section 6212(b)(1) was enacted *500 to provide the Commissioner with a "safe harbor" address to which he could send a statutory notice, and it will be effective even though the taxpayer did not actually receive such notice because he had moved, died, or become incompetent. Section 6212(b)(1) was not intended to be used as a sword by the taxpayer. . Merely telling the examining agent that he had trouble with mail delivery did not discharge petitioner's obligation of clear and concise notification that all mail should be directed to his post office box rather than at his residence. Based on this record, we cannot find that petitioner gave such notification to respondent. The evidence offered by respondent established that respondent complied with the requirements of sections 6212(a) and (b)(1). Considering all the facts and circumstances presented here, respondent was entitled to rely on the Chadwick Lane address as petitioner's last known address. Accordingly, the notice of deficiency was valid and the petition was untimely. Respondent's motion to dismiss for lack of jurisdiction will be granted. An appropriate order will be entered.
Footnotes
1. At the hearing, petitioner contended that he used his post office box, P.O. Box 23360, L'Enfant Plaza Station, Washington, D.C. 20026, as his address on the return. Since neither party produced the return or a copy thereof at the hearing held on this matter, the record was left open and respondent later submitted as an exhibit a copy of the 1980 income tax return which clearly shows Chadwick Lane as petitioner's address.↩
2. At the hearing, petitioner questioned the testimony of the employee from the Twinbrook Post Office because he had no personal knowledge of the attempts to deliver the certified letter. The postal employee testified, however, as to the normal practice and procedure in attempting to deliver certified mail. Nothing in the record suggests that normal practice and procedure were not followed. See and cases cited therein.↩
3. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated and all rule references are to the Tax Court Rules of Practice and Procedure.↩
4. See also .↩
5. See , affd. without published opinion .↩